UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| QUINTON D. HOLMES, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 4:13-CV-023 RM |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Quinton D. Holmes, a *pro se* prisoner, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE 1.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

According to the petition, Mr. Holmes was found guilty of fighting in MCF 11-12-0125, and as a sanction lost his contact visits for a period of six months. (DE 1.) A prison disciplinary sanction can only be challenged in a habeas petition if it lengthens the duration of the prisoner's confinement. Hadley v. Holmes, 341 F.3d 661, 664-65 (7th Cir. 2003); Moran v. Sondalle, 218 F.3d 647, 650-51 (7th Cir. 2000). The prison's decision to suspend Mr. Holmes' contact visitation privileges affected the severity, but not the duration, of his confinement. Moran v. Sondalle, 218 F.3d at 651. 42 U.S.C. § 1983 is the proper vehicle to challenge more restrictive custody, "in the uncommon circumstances when it can be challenged at all." Montgomery v. Anderson, 262 F.3d 641, 644 (7th Cir. 2001).

For these reasons, the petition (DE 1) is DISMISSED pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

SO ORDERED

ENTERED: April  4 , 2013.

/s/ Robert L. Miller, Jr.
Judge
United States District Court